COURT OF APPEALS
DECISION
DATED AND FILED

**January 29, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2025AP1037**
**2025AP1537-CR**
**STATE OF WISCONSIN**

Cir. Ct. No. **2025TR572**
**2025CT43**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

NO. **2025AP1037**

IN THE MATTER OF THE REFUSAL OF JACOBE MICHAEL GIMMEL:

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JACOBE MICHAEL GIMMEL,

    DEFENDANT-APPELLANT.

---

NO. **2025AP1537-CR**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JACOBE MICHAEL GIMMEL,

    DEFENDANT-APPELLANT.

---

APPEALS from a judgment and an order of the circuit court for Jefferson County: ROBERT F. DEHRING, JR., Judge. *Affirmed*.

¶1      NASHOLD, J.[1] In these consolidated appeals, Jacobe Gimmel appeals his conviction for operating while intoxicated ("OWI") as a second offense, as well as the revocation of his driver's license for refusing a chemical test. In each case, the sole issue presented is whether the police officer who stopped Gimmel's truck had reasonable suspicion to do so. Because I conclude that there was reasonable suspicion that Gimmel had violated a local noise ordinance, I affirm.

## BACKGROUND

¶2      Both of these cases resulted from a traffic stop in Watertown, and the testimony on which both cases turn was given at a single hearing. The lone witness was the Watertown police officer who stopped Gimmel. He testified as follows.

¶3      On a January evening, the officer was in his squad vehicle when he saw a pickup truck, later determined to be driven by Gimmel, stopped at a stop sign at a four-way intersection. The officer then saw the pickup "accelerate rapidly, squealing the back tires and then proceed through the intersection." The truck's front end "lifted higher" during this acceleration, then leveled off at the same time the officer turned on the squad's headlights. The officer testified that in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

his experience, when vehicles rapidly accelerate from a stopped position, the front end will often rise relative to the rest of the vehicle. The truck did not fishtail or lose traction, and there was no smoke from the tires nor marks left on the road. Although the truck's initial acceleration was rapid, the officer testified that it ceased this acceleration, and the associated squealing, before it fully entered the intersection, and passed through the intersection at approximately the same speed as other traffic.

¶4  The officer was familiar with a Watertown ordinance, which he described as saying "something in the nature of that no person may accelerate their vehicle [in] any way to squeal their tires." The officer further recalled the ordinance to prohibit sounds that would cause a disturbance to an ordinary person. The officer answered "yes" when asked if the truck he saw had made "an audible squeal." The officer was unable to characterize the duration of the noise, although he testified that he thought it was loud enough to disturb a reasonable person of normal sensibilities. He testified that he had stopped and cited motorists "for less than" the noise the truck emitted. The officer also testified that he had no reason to think that the maneuver that caused the squeal was made to protect against harm to a person or property.

¶5  The officer pulled Gimmel's truck over and, eventually, arrested Gimmel for operating while intoxicated. The officer requested that Gimmel consent to a chemical test, and Gimmel refused to consent. Gimmel was charged with OWI as a second offense, as well as with refusing a chemical test.

¶6  The officer's squad camera captured video of the truck passing through the intersection, but the audio recording function was not turned on. The video was introduced at the hearing.

¶7      The circuit court concluded that the officer had reasonable suspicion to stop Gimmel's vehicle, based on the officer's testimony that he believed Gimmel had violated the Watertown noise ordinance by squealing his tires.

¶8      The above-described hearing was scheduled solely to determine whether Gimmel was guilty of the refusal.  However, after the circuit court's ruling, Gimmel noted that he intended to seek suppression in the pending criminal case as well, based on the same grounds upon which he had challenged the refusal: lack of reasonable suspicion for the stop.  Because the court had just decided this question, the court and parties agreed that Gimmel could orally move for suppression in the criminal case, and that this motion would be denied as well. Gimmel later pleaded guilty to the OWI and was sentenced.  He challenged the court's ruling on reasonable suspicion in each case.  This court consolidated the cases for disposition.[2]

## DISCUSSION

¶9      As noted above, both of these cases turn on a single question: whether there was reasonable suspicion to stop Gimmel's truck.  This matters to the criminal case because if no reasonable suspicion existed, the stop would be unlawful and any evidence derived from the stop would be suppressed.  *See **State v. Amos***, 220 Wis. 2d 793, 798, 584 N.W.2d 170 (Ct. App. 1998).  Whether there was reasonable suspicion for the stop is also an issue in the refusal case because one of the matters to be decided in such a case is "whether the person was lawfully placed under arrest," WIS. STAT. § 343.305(9)(a)5.a., and an arrest may be

---

[2] These cases were consolidated pursuant to WIS. STAT. RULE 809.10(3) by order dated December 8, 2025.

unlawful if "the traffic stop that preceded it was not justified by probable cause or reasonable suspicion," ***State v. Anagnos***, 2012 WI 64, ¶42, 341 Wis. 2d 576, 815 N.W.2d 675.  In each case, I review the circuit court's determination that reasonable suspicion existed using a mixed standard of review, upholding the circuit court's factual findings if they are not clearly erroneous, but independently determining whether the facts as found satisfy the legal standard.  *See **State v. Nimmer***, 2022 WI 47, ¶20, 402 Wis. 2d 416, 975 N.W.2d 598.

¶10    The sole basis the officer testified to for stopping Gimmel's truck was the officer's belief that Gimmel had violated the Watertown noise ordinance referred to above.  *See **State v. Colstad***, 2003 WI App 25, ¶9, 260 Wis. 2d 406, 659 N.W.2d 394 (traffic stop justified by reasonable suspicion of violation of traffic ordinance).  This provision states:

> No person shall make or cause to be made any noise disturbance within the City of such volume or nature as to annoy or disturb any other reasonable person of normal sensitivities.  This section prohibits, but is not limited to, the following noise disturbances:
>
> ….
>
> B. No person shall intentionally cause a vehicle to accelerate, brake or make a turn at such rate or in such manner as to cause its tires to squeal, except in reaction to a situation which a reasonably prudent operator would perceive to be necessary to protect against harm to a person or property.

CITY OF WATERTOWN, WIS., ORDINANCE, ch. 410, art. VII, § 410-40 (2025) (https://ecode360.com/29261064#29261064) ("the ordinance").

¶11    As the circuit court observed, subsection B of the ordinance appears, on its face, to prohibit any intentional maneuver that causes any squealing, regardless of loudness or duration, if that maneuver is not taken to protect people

or property. But the first sentence of the ordinance—not specific to any of the types of noise later enumerated—also prohibits more generally noises "of such volume or nature as to annoy or disturb any other reasonable person of normal sensitivities." The court suggested that this sentence might limit the squealing-specific provision to particularly loud or lengthy squeals. Gimmel makes a similar argument on appeal, asserting that to violate the ordinance, a tire squeal "must be of such volume or nature [as] to annoy or disturb someone of normal sensitivities."

¶12    I need not resolve whether the ordinance prohibits any intentional tire squealing, or instead prohibits only intentional tire squealing "of such volume or nature as to annoy or disturb any other reasonable person of normal sensitivities." This is because the officer's testimony, which the circuit court credited, demonstrated reasonable suspicion of a violation of the ordinance under either interpretation.

¶13    Specifically, when asked whether any noise from the tires would justify a traffic stop, the officer testified that it would not, and added that his "threshold" for stopping a vehicle is "the loud, high-pitched squeal that most people would identify." Also, when asked whether he thought the squeal from Gimmel's tires was "loud enough to annoy or disturb a reasonable person of normal sensitivities," the officer responded "[y]es." He continued, testifying he had "stopped people and cited people … for less than [the noise Gimmel's tires made]."

¶14    The circuit court, in making its ruling, cited the officer's testimony about the squeal from Gimmel's tires being loud enough to disturb a reasonable person of normal sensitivities, and remarked, "I don't find anything incredible about that statement or observation in conjunction with what I view in the video."

6

¶15     Assessing the credibility of testimony is for the circuit court, and this court will not disturb its determinations. *State v. Oswald*, 2000 WI App 3, ¶47, 232 Wis. 2d 103, 606 N.W.2d 238 (1999). The officer's testimony that he believed the squealing of Gimmel's tires would annoy or disturb a reasonable person of normal sensitivities, and the circuit court's crediting of that testimony, is more than sufficient to satisfy the state's burden to demonstrate reasonable suspicion. *See Nimmer*, 402 Wis. 2d 416, ¶25 ("Reasonable suspicion is 'a low bar.'") (quoted source omitted).

¶16     Gimmel challenges the circuit court's ruling on the basis that the officer was not able to precisely describe the sound of the squeal, and suggests that perhaps the noise from his tires was more of a "squawk or chirp" than a squeal. He cites *State v. Mauermann*, No. 2012AP2568-CR, unpublished slip op. (WI App July 25, 2013), as persuasive authority. *Mauermann* involved a vagueness challenge to a different local noise ordinance that also concerned tire squeals. *Id.*, ¶11. Part of the opinion considered dictionary definitions of "squeal" and "squawk," and also invoked the term "squeak," in the course of concluding that the noise the deputy in that case described fell squarely within the noise the ordinance prohibited. *Id.*, ¶¶15-17.

¶17     Gimmel argues that the officer believed that "any noise from a tire is sufficient to establish a violation" and that "*Mauermann* supports the conclusion that this is not the case." Gimmel's arguments are not persuasive because, once again, the officer in this case testified that the "squeal" he heard was of the type that would disturb a reasonable person of normal sensitivities, and because the circuit court accepted this testimony as credible. Given the court's finding, there is no basis to conclude that the sound the officer heard fell outside the prohibition of the ordinance.

**CONCLUSION**

¶18 The circuit court did not err in concluding that the officer had reasonable suspicion to stop Gimmel's truck. Accordingly, I affirm both the judgment of conviction for operating while intoxicated and the order revoking Gimmel's license for refusing a chemical test.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.